# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| MARK ANTHONY DeLUNA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:18 CV 94 |
| | ) |
| OSCAR MARTINEZ, JR., JOHN | ) |
| BUNCICH, NEARLY, GONE, LETO, | ) |
| and MATTINGLY, | ) |
| | ) |
| Defendants. | ) |

## OPINION and ORDER

Mark Anthony DeLuna, a *pro se* prisoner, filed a complaint alleging he contracted scabies while housed at the Lake County Jail. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Inmates are entitled to adequate food, clothing, shelter, bedding, hygiene materials, and sanitation. *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009). However, a defendant is only liable if deliberately indifferent. Deliberate indifference requires evidence that an official actually knew of a substantial risk of serious harm and consciously disregarded it nonetheless." *Pierson v. Hartley*, 391 F.3d 898, 902 (7th Cir.

2004) (internal citations omitted). It is not enough to show that a defendant merely failed to act reasonably. *Gibbs v. Franklin*, 49 F.3d 1206, 1208 (7th Cir. 1995). Even incompetence does not state a claim of deliberate indifference. *Walker v. P*eters, 233 F.3d 494 (7th Cir. 2000).

Here, none of the six defendants are alleged to have been deliberately indifferent to exposing DeLuna to scabies. There is no general *respondeat superior* liability under 42 U.S.C. § 1983. "Only persons who cause or participate in the violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). DeLuna argues the defendants knew the incoming inmates were not being given showers to decontaminate them. However, showering inmates would not prevent scabies. Treatment for scabies requires medication available only with a prescription. *See* Scabies Frequently Asked Questions, Centers for Disease Control and Prevention website, available at https://www.cdc.gov/parasites/scabies/gen_info/faqs.html.

DeLuna also alleges he was denied medical treatment for scabies for a month. He says he wants to add the Medical Director as a John or Jane Doe defendant. However, "it is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff." *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) (citations omitted). Moreover, even if he knew the name of the Director, he has not alleged any facts showing the Medical Director knew he had scabies and was deliberately indifferent to providing him with treatment.

Nevertheless, DeLuna may file an amended complaint if he can name a medical provider who knew he had scabies but was deliberately indifferent and refused to treat him. *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013). If he files an amended complaint, he needs to explain what he told the medical provider and what the medical provider saw and understood about his condition. He must describe each conversation with the medical provider and describe how the provider responded. He must also explain how the provider was deliberately indifferent. He must explain when, how, and from whom he finally obtained medical treatment. He must name the medical provider in the caption of the case as well as in the body of the complaint.

For the foregoing reasons, the court:

(1) **DISMISSES** Oscar Martinez, Jr., John Buncich, Nearly, Gone, Leto, and Mattingly;

(2) **DIRECTS** the clerk to place this cause number on a blank Prisoner Complaint (INND Rev. 8/16) form and send it to Mark Anthony DeLuna with a copy of this order;

(3) **GRANTS** Mark Anthony DeLuna until **April 12, 2018**, to file an amended complaint; and

(4) **CAUTIONS** Mark Anthony DeLuna if he does not respond by the deadline, this case will be dismissed without further notice pursuant to 28 U.S.C. § 1915A because the complaint does not state a claim.

**SO ORDERED.**

Date: March 12, 2018

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT