# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| MARK ANTHONY DeLUNA, | |
| Plaintiff, | |
| v. | No. 2:18 CV 94 |
| OFFICER MATTINGLY and NURSE PRACTITIONER KATHY, | |
| Defendants. | |

## OPINION AND ORDER

Mark Anthony DeLuna, a *pro se* prisoner, filed an amended complaint (DE # 5) alleging he contracted scabies while he was a pre-trial detainee at the Lake County Jail in September 2017. He also alleges he was denied medical treatment until early November 2017. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

DeLuna alleges Sheriff Oscar Martinez, Jr., Former Sheriff John Buncich, Former Assistant Deputy Gore, and Assistant Deputy Warden Nearly are (or were) supervisors

who should have insured their employees decontaminated inmates at the jail. However, "Section 1983 does not establish a system of vicarious responsibility" and "public employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 593 (7th Cir. 2009). DeLuna alleges he wrote letters to Former Sheriff John Buncich and Former Assistant Deputy Gore about his scabies. He also alleges he filed a grievance which was answered by Sergeant Phyliss Leto. However, "[o]nly persons who cause or participate in the [Constitutional] violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation." *George v. Smith*, 507 F.3d. 605, 609 (7th Cir. 2007) (internal citations omitted); *see also Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). As the Seventh Circuit has explained:

> Bureaucracies divide tasks; no prisoner is entitled to insist that one employee do another's job. The division of labor is important not only to bureaucratic organization but also to efficient performance of tasks; people who stay within their roles can get more work done, more effectively, and cannot be hit with damages under §1983 for not being ombudsmen. [The] view that everyone who knows about a prisoner's problem must pay damages implies that [a prisoner] could write letters to the Governor of Wisconsin and 999 other public officials, demand that every one of those 1,000 officials drop everything he or she is doing in order to investigate a single prisoner's claims, and then collect damages from all 1,000 recipients if the letter-writing campaign does not lead to better medical care. That can't be right. The Governor, and for that matter the Superintendent of Prisons and the Warden of each prison, is entitled to [d]elegate to the prison's medical staff the provision of good medical care.

*Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). Therefore, Sheriff Oscar Martinez, Jr., Former Sheriff John Buncich, Former Assistant Deputy Gore, Sergeant Phyliss Leto, and Assistant Deputy Warden Nearly will be dismissed.

2

DeLuna's allegations against Officer Mattingly are not as detailed as they might be, but giving him the benefit of the inferences to which he is entitled at the pleading stage of this proceeding, he has plausibly alleged that Officer Mattingly was personally responsible for decontaminating inmates entering the Lake County Jail in September 2017 and issuing them clean clothing. He alleges Officer Mattingly was deliberately indifferent to the spread of communicable diseases and was the proximate cause of his getting scabies. This states a claim for violating his Fourteenth Amendment rights.

Finally, DeLuna alleges Nurse Practitioner Kathy denied him medical treatment for scabies on October 28, 2017, when she examined him and told him to shower with soap. "For a medical professional to be liable for deliberate indifference to an inmate's medical needs, he must make a decision that represents such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008) (quotation marks and citations omitted). Here, DeLuna has stated a plausible claim that Nurse Practitioner Kathy was deliberately indifferent to his scabies in violation of the Fourteenth Amendment.

For these reasons, the court:

(1) **GRANTS** Mark Anthony DeLuna leave to proceed against Officer Mattingly in his individual capacity for compensatory damages for proximately

causing him to get scabies by not decontaminating inmates entering the Lake County Jail in September 2017 in violation of the Fourteenth Amendment;

(2) **GRANTS** Mark Anthony DeLuna leave to proceed against Nurse Practitioner Kathy in her individual capacity for compensatory damages for being deliberately indifferent to his need for medical treatment of scabies on October 28, 2017, in violation of the Fourteenth Amendment;

(3) **DISMISSES** all other claims;

(4) **DISMISSES** Sheriff Oscar Martinez, Jr., Former Sheriff John Buncich, Former Assistant Deputy Gore; Sergeant Phyliss Leto, and Assistant Deputy Warden Nearly;

(5) **DIRECTS** the clerk and the United States Marshals Service to issue and serve process on Officer Mattingly and Nurse Practitioner Kathy at the Lake County Jail with a copy of this order and the amended complaint (ECF 5) as required by 28 U.S.C. § 1915(d); and

(6) **ORDERS**, pursuant to 42 U.S.C. § 1997e(g)(2), that Officer Mattingly and Nurse Practitioner Kathy respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

**SO ORDERED.**

Date: May 24, 2018

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT